UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

* * * * * * * * * * * * * * * * * * * *

United States of America,

       Plaintiff,

vs.                                                        REPORT AND RECOMMENDATION

Jeffrey Allen Sonczalla,

       Defendant.                            Crim. No. 07-187(RHK/RLE)

* * * * * * * * * * * * * * * * * * * *

## I. Introduction

This matter came before the undersigned United States Magistrate Judge pursuant to a general assignment, made in accordance with the provisions of Title 28 U.S.C. §636(b)(1)(B), upon the Motion of the Defendant Jeffrey Allen Sonczalla to Strike Prior Offenses. A Hearing on the Motion was conducted on July 19, 2007, at which time the Defendant appeared personally, and by Craig S. Hunter, Esq., and the Government appeared by Andrew S. Dunne, Assistant United States Attorney.

For reasons which follow, we recommend that the Defendant's Motion to Strike be denied.

## II. Factual Background

The Defendant is charged with two Counts of possession of a firearm by a felon, in violation of Title 18 U.S.C. §§922(g)(1), and 924(e)(1), and one Count of possession of a stolen firearm, in violation of Title 18 U.S.C. §922(j). The alleged violations are said to have occurred on or about November of 2006, in this State and District.

In the two Counts of the Indictment, which relate to charges for the possession of a firearm by a felon, allege three (3) prior convictions: a conviction for burglary in the third degree in 1988; a conviction for unauthorized use of a motor vehicle in 1989; and a conviction for burglary in the third degree in 1999. The Defendant requests that the Court strike, as surplusage, the language of the Indictment which references those prior convictions, since the prior convictions, which are offered in support of a sentence enhancement, need not be submitted to the Jury. The Government opposes the Defendant's Motion on the ground that inclusion of the prior convictions, in the Indictment, serves to place the Defendant on notice of the possibility of sentencing enhancement, and because the Defendant's status as a convicted felon is an element of the two Counts which charge the offense of being a felon in possession of a firearm.

III. Discussion

A.   The Defendant's Motion to Strike.

1.   Standard of Review.   As an initial matter, Rule 12(b)(3)(B), Federal Rules of Criminal Procedure, requires that Motions "alleging a defect in the indictment or information" be raised before Trial.  Plainly, the Defendant's Motion to Strike, which alleges a defect in the Indictment, falls within the ambit of that Rule, and similar Motions to strike language from an Indictment are frequently addressed at the pretrial stage.  See, e.g., United States v. Valencia-Meraz, 2006 WL 1704302 at *25 (D. Minn., May 10, 2006), citing United States v. Prime Plating, Inc., 2004 WL 2801595 (D. Minn., November 24, 2004); and United States v. Mickle, 2004 WL 2302865 (D. Minn., October 12, 2004).  Therefore, our consideration of the Defendant's Motion, at this pretrial stage, is proper.

A Motion to Strike surplusage from an Indictment is a matter within the Court's discretion.  See, United States v. Michel-Galaviz, 415 F.3d 946, 948 (8th Cir. 2005), citing United States v. Figueroa, 900 F.2d 1211, 1218 (8th Cir. 1990), cert. denied, 496 U.S. 942 (1990); and Dranow v. United States, 307 F.2d 545, 558 (8th Cir. 1962); see also, United States v. Anderson, 579 F.2d 455, 456 n. 2 (8th Cir. 1978), cert. denied, 439 U.S. 980 (1978).  Further, "a motion to strike surplusage from an indictment 'should be granted only where it is clear that the allegations contained therein are not

relevant to the charge made or contain inflammatory and prejudicial matter.'" United States v. Michel-Galaviz, supra at 948, citing United States v. Figueroa, supra at 1218, quoting, in turn, Dranow v. United States, supra at 558.

An Indictment "is legally sufficient on its face if it contains all of the elements of the offense charged, fairly informs the defendant of the charges against which he must defend, and alleges sufficient information to allow a defendant to plead a conviction or acquittal as a bar to subsequent prosecution." United States v. Stanko, --- F.3d ---, 2007 WL 1757723 at *2 (8th Cir., June 20, 2007); see also, United States v. Olson, 262 F.3d 795, 799 (8th Cir. 2001), quoting Hamling v. United States, 418 U.S. 87, 117 (1974), and Rule 7(c)(1), Federal Rules of Criminal Procedure.

As we have noted, the Defendant is charged, in two Counts of the Indictment, with violating Title 18 U.S.C. §922(g)(1), which provides as follows:

> It shall be unlawful for any person * * * who has been convicted in any court of, [sic] a crime punishable by imprisonment for a term exceeding one year * * * to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce.

Title 18 U.S.C. §922(g)(1).

As a result, to prevail on a charge that the defendant was a felon in possession of a firearm, the Government must prove that the defendant was convicted of a crime that

was punishable by at least one year of imprisonment, that he knowingly possessed a firearm, and that the firearm traveled in or affected interstate commerce. See, United States v. Stanko, supra at *2; United States v. Abfalter, 340 F.3d 646, 654 (8th Cir. 2003); United States v. Boyd, 180 F.3d 967, 978 (8th Cir. 1999).

Moreover, criminal defendants are entitled to have the existence of any particular fact, that the law makes essential to their punishment, found beyond a reasonable doubt by a Jury. See, United States v. Booker, 543 U.S. 220, 244 (2005). However, the Supreme Court has consistently re-affirmed an exception for prior convictions that are used to enhance sentencing penalties. Id.; see also, Apprendi v. New Jersey, 530 U.S. 466, 490 (2000)("**Other than the fact of a prior conviction**, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt.")[emphasis added]; United States v. Gamboa, 439 F.3d 798, 815 (8th Cir. 2000)("Almendarez-Torres [which held that prior felony convictions are sentencing factors for the Court, not a fact for the Jury] * * * is still the law."), cert. denied, --- U.S. ---, 127 S.Ct. 605 (2006). Specifically, our Court of Appeals has specifically held that a Jury is not required to determine whether a prior conviction constitutes a violent felony under Section 924(e). See, United States v. Strong, 415 F.3d 902, 908

was punishable by at least one year of imprisonment, that he knowingly possessed a firearm, and that the firearm traveled in or affected interstate commerce. See, United States v. Stanko, supra at *2; United States v. Abfalter, 340 F.3d 646, 654 (8th Cir. 2003); United States v. Boyd, 180 F.3d 967, 978 (8th Cir. 1999).

Moreover, criminal defendants are entitled to have the existence of any particular fact, that the law makes essential to their punishment, found beyond a reasonable doubt by a Jury. See, United States v. Booker, 543 U.S. 220, 244 (2005). However, the Supreme Court has consistently re-affirmed an exception for prior convictions that are used to enhance sentencing penalties. Id.; see also, Apprendi v. New Jersey, 530 U.S. 466, 490 (2000)("**Other than the fact of a prior conviction**, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt.")[emphasis added]; United States v. Gamboa, 439 F.3d 798, 815 (8th Cir. 2000)("Almendarez-Torres [which held that prior felony convictions are sentencing factors for the Court, not a fact for the Jury] * * * is still the law."), cert. denied, --- U.S. ---, 127 S.Ct. 605 (2006). Specifically, our Court of Appeals has specifically held that a Jury is not required to determine whether a prior conviction constitutes a violent felony under Section 924(e). See, United States v. Strong, 415 F.3d 902, 908

(8th Cir. 2005); see also, United States v. Campbell, 270 F.3d 702, 708 (8th Cir. 2001).

    2.    Legal Analysis.  As we understand his argument, the Defendant claims that we should strike the 1988 burglary conviction, and the 1989 conviction for unauthorized use, from the Indictment, as he claims that they are simply sentencing enhancement factors, which are irrelevant to the Jury, but nonetheless, in the same breath, he seeks to preserve his claim, that a defendant's prior felony convictions, are elements of a felon in possession offense, which must be proved to the Jury beyond a reasonable doubt.  The Government argues that the Defendant's status as a felon is not included solely for purposes of sentencing enhancement, but because that status is an essential element of the offense changed, and therefore, his prior convictions are a necessary part of the Indictment.

The Defendant cites United States v. Valencia-Meraz, supra, in support of his contention that prior offenses, which are used for sentencing enhancement purposes alone, are not elements of an offense that must be proved to the Jury.  There, the defendant moved to strike, as surplusage, the references to a prior conviction, in the Indictment, which were not relevant to the crime for which the defendant was charged, but which only had relevance at the time of sentencing.  The Court held, in Valencia-

Meraz, that since "the fact of prior conviction [was] merely a sentencing factor, not an element of the offense, it [was] neither necessary nor appropriate for the United States to present to the jury evidence of prior convictions." Id. at *26, quoting United States v. Batchelder, 2005 WL 3050472 at *2 (W.D. Ky., November 15, 2005).

Applying Valencia-Meraz, if the Defendant's prior felony convictions were only to be used for sentencing enhancement, then we would agree with the Defendant, that the logic of Valencia-Meraz should control, and would recommend that the Defendant's prior convictions be stricken from the Indictment. However, here, the Government is obligated to prove the existence of those prior convictions in order to prove its case at Trial, and therefore, Valencia Meraz is inapposite. We are sensitive, however, to the potential for prejudice that could arise from an Indictment which contains allegations, and related information, as to prior felony convictions, and therefore, our analysis continues.

In Old Chief v. United States, 519 U.S. 172, 185-87 (1998), the Supreme Court acknowledged that the post-conviction element of Section 922(g)(1) "generally carries a risk of unfair prejudice to the defendant," and found that a defendant's formal Stipulation to his status as a felon, for purposes of 922(g)(1), satisfied the Government's burden on the post-conviction element, and barred the Government

from independently introducing evidence, including the prior convictions that were listed in an Indictment, that would otherwise be relevant to prove that element. See also, United States v. Walker, 428 F.3d 1165, 1169 (8th Cir. 2005)("We have interpreted Old Chief to bar evidence of prior convictions offered solely to prove defendant's status as a convicted criminal."), cert. denied, --- U.S. ---, 126 S.Ct. 1385 (2006), citing United States v. Hill, 249 F.3d 707, 711-12 (8th Cir. 2001); Crowder v. Hill, 249 F.3d 707, 711-12 (8th Cir. 2001); United States v. Cunningham, 133 F.3d 1070, 1075 (8th Cir. 1998)(explaining that Old Chief "held that a district court abuses its discretion when it rejects a defendant's offer to stipulate to his status as a felon under a Section 922(g)(1) offense and instead admits the full records of a prior judgment of conviction, if evidence concerning the name or nature of the prior conviction increases the risk of a verdict tainted by improper considerations.").

    As an alternative to the filing of a Stipulation by the Defendant, the Court in Old Chief, supra at 656 n. 10, suggested that the Government could introduce a redacted record of conviction, with an accompanying Jury instruction, which explains that the redacted Judgment was sufficient to satisfy the status element in the case. We do not purport to advise the parties as to the best path on which to proceed in this case, but merely note that such alternative means, which have been expressly illustrated by

the Supreme Court, would avoid the potential for prejudice that, according to their arguments at the Hearing, both the Defendant and the Government endorse.

Of course, the best means to effectuate such an avoidance rests in the hands of the Trial Court, which will be presented with a full Record as to the purpose of the evidence being offered at Trial, and its relevance to the case. Necessarily, we express no opinion as to whether the evidence is relevant for other purposes, such as proving other elements of the offense, or in refuting a proffered defense. See, e.g., United States v. Walker, supra at 1169; see also, United States v. Gettel, 474 F.3d 1081, 1087 (8th Cir. 2007) ("Rule 404(b) prohibits a defendant's other crimes or bad acts from being used as character evidence but allows this evidence to prove 'motive, opportunity, intent, preparation, plan, knowledge, or absence of mistake or accident.'").

Accordingly, at this juncture, we recommend that the Defendant's Motion to Strike Prior Offenses be denied, but without prejudice to its renewal at the time of Trial.

NOW, THEREFORE, It is --

RECOMMENDED:

That the Defendant's Motion to Strike Prior Offenses [Docket No. 18] be denied.

Dated:  July 23, 2007                               *s/Raymond L. Erickson*
                                                             Raymond L. Erickson
                                                             CHIEF U.S. MAGISTRATE JUDGE

**NOTICE**

Pursuant to Rule 45(a), Federal Rules of Criminal Procedure, D. Minn. LR1.1(f), and D. Minn. LR72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties **by no later than August 9, 2007**, a writing which specifically identifies those portions of the Report to which objections are made and the bases of those objections.  Failure to comply with this procedure shall operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.

If the consideration of the objections requires a review of a transcript of a Hearing, then the party making the objections shall timely order and file a complete transcript of that Hearing  **by no later than August 9, 2007**, unless all interested

parties stipulate that the District Court is not required by Title 28 U.S.C. §636 to review the transcript in order to resolve all of the objections made.