UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
_____

| | |
|---|---|
| UNITED STATES OF AMERICA, | Criminal No. 07-187 (RHK) |
| Plaintiff, | |
| v. | MEMORANDUM OPINION AND ORDER DENYING MOTION TO VACATE, SET ASIDE, OR CORRECT |
| JEFFREY ALLEN SONCZALLA, | SENTENCE UNDER 28 U.S.C. § 2255 |
| Defendant. | |

_____

Nathan Petterson, Assistant United States Attorney, United States Attorney's Office, United States Courthouse, 300 South Fourth Street, Suite 600, Minneapolis, Minnesota 55415, for plaintiff.

Jeffrey Allen Sonczalla, Reg. No. 14778-041, MCFP- Springfield, P.O. Box 4000, Springfield, Missouri 65801-4000, *pro se* defendant.

The defendant, Jeffrey Allen Sonczalla, has filed a *pro se* motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255, based on the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015), which held unconstitutional the residual clause of the Armed Career Criminal Act ("ACCA"). ECF No. 47. After careful consideration of Sonczalla's motion, the government's response, and the law and facts applicable to this case, the motion is denied for the reasons that follow.

BACKGROUND

On June 5, 2007, an Indictment was returned, charging Sonczalla with: (1) felon in possession of a firearm on November 30, 2006, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e); (2) possession of a stolen firearm on November 30, 2006, in violation of 18 U.S.C. § 922(j); and (3) felon in possession of a firearm on November 4, 2006, in violation of 18

U.S.C. §§ 922(g)(1) and 924(e)(1).  ECF No. 1.

On October 5, 2007, Sonczalla appeared before this Court and entered a plea of guilty to Count 1 of the Indictment, charging him with being a felon in possession of a firearm.  ECF Nos. 25-26.

A Presentence Report ("PSR") was prepared by the United State Probation Office.  The PSR determined defendant qualified as an Armed Career Criminal, because he had at least three convictions for violent felonies.  PSR, ¶ 23.  Among defendant's convictions were Minnesota convictions for: (1) second-degree burglary (1982); (2) third-degree burglary (1988, for offense committed in 1983); and (3) third-degree burglary (1999).  PSR, ¶¶ 27, 30, 39.

A sentencing hearing was held before this Court on January 18, 2008.  Defendant objected to the PSR's finding that he was an Armed Career Criminal.  Defendant argued that some of his prior convictions should not have counted based on their age, and others should not be considered violent felonies.  Sentencing Transcript ("S.T."), at 8-33.  After considering briefs and arguments of the parties, this Court ruled defendant was an Armed Career Criminal under Eighth Circuit precedent, and imposed a sentence of 180 months' imprisonment, the applicable statutory minimum.

Defendant appealed his sentence to the Eighth Circuit Court of Appeals, arguing that this Court erred in sentencing him under the ACCA.  His sentence was affirmed on appeal.  *United States v. Sonczalla*, 561 F.3d 842 (8th Cir. 2009), *cert. denied*, 558 U.S. 895 (2009).  The Eighth Circuit found Sonczalla's right to possess firearms had never been restored following his conviction for second-degree burglary in 1982, because

2

subsequent convictions resulted in continued prohibitions. Therefore, each of the convictions were appropriate predicate offenses for consideration in applying the ACCA. *Id*. at 844-45. The Eighth Circuit further held Sonczalla's Minnesota conviction for third-degree burglary was a predicate violent felony under the ACCA. *Id*. at 846.[1]

## DISCUSSION

Sonczalla's petition for habeas relief argues that he was improperly sentenced under the ACCA in light of the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015). ECF Nos. 47-48. In *Johnson*, the Supreme Court held that the residual clause in the definition of a "violent felony" in the ACCA, 18 U.S.C. § 924(e)(2)(B), is unconstitutionally vague. 135 S. Ct. at 2557. The Supreme Court has since held the new rule of constitutional law announced in *Johnson* is a substantive rule that is retroactive to ACCA cases on collateral review. *Welch v. United States*, 136 S. Ct. 1257, 1264-65 (2016).

Under the ACCA, a person who violates § 922(g) and has three prior convictions for a violent felony or a serious drug offense is subject to a fifteen-year minimum sentence. *See* 18 U.S.C. § 924(e)(1). The ACCA defines the term "violent felony" as any crime punishable by imprisonment for a term exceeding one year that-

    i.    has as an element the use, or attempted use, or threatened use of physical force against the person of another; or

---

[1] On appeal, Sonczalla did not dispute that his 1982 Minnesota conviction for second-degree burglary and his 1999 Minnesota conviction for third-degree burglary qualified as predicate violent felonies under § 924(e)(2)(B). 561 F.3d at 845.

  ii. is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another;

18 U.S.C. § 924(e)(2)(B).

In *Johnson*, the Supreme Court held that imposing an increased sentence under the ACCA's residual clause, *i.e.*, the provision that defines a "violent felony" to include an offense that "involves conduct that presents a serious potential risk of physical injury to another," violates the Due Process Clause because it is impermissibly vague on its face. 135 S. Ct. at 2557. However, the Court explicitly noted that its decision "does not call into question application of the [ACCA] to the four enumerated offenses, or the remainder of the Act's definition of a violent felony." *Id*. at 2563.

At the time Sonczalla violated 18 U.S.C. § 922(g), he had three prior felony convictions for burglary, an enumerated offense, and therefore unaffected by the *Johnson* decision. In 1982, he was convicted of second-degree burglary; in 1988 he was convicted of third-degree burglary; and in 1999 he was convicted of third-degree burglary. All of the burglary convictions were in Minnesota. PSR, ¶¶ 27, 28, 39.

The fact that Sonczalla qualified as an Armed Career Criminal under the enumerated clause, rather than the residual clause, is clear from the Eighth Circuit's opinion:

> We reject Sonczalla's argument that his 1988 third-degree burglary conviction does not qualify as a predicate violent felony. Section 924(e)(2)(B)(ii) specifically identifies "burglary" as a predicate violent felony. In *Taylor v. United States*, the Supreme Court

> interpreted the term "burglary" in § 924(e)(2)(B)(ii) in "the generic sense in which the term is now used in the criminal codes of most states."
> 495 U.S. 575, 598, 110 S. Ct. 2143, 109 L.Ed.2d 607 (1990).

*Sonczalla*, 561 F.3d at 846.  The Court went on to hold that third-degree burglary under Minnesota law is a generic burglary under *Taylor*, and is a predicate violent felony under the ACCA.  *Id.*  Therefore, Sonczalla was not found to be an Armed Career Criminal under the residual clause, and the Supreme Court's decision in *Johnson* affords him no relief.

On July 5, 2016, Sonczalla filed a letter supplementing his § 2255 motion, in which he argued that burglary under Minnesota law is over inclusive under the Supreme Court's recent decision in *Mathis v. United States*, 136 S. Ct. 2243 (2016), and therefore cannot serve as a predicate violent felony under the ACCA.  ECF No. 50.  Sonczalla's letter does not address the retroactive application of *Mathis* on collateral review.  In *Welch v. United States*, 136 S. Ct. 1257, 1264-65 (2016), the Supreme Court ruled that *Johnson* announced a substantive rule that has retroactive effect in cases on collateral review.  But *Johnson's* holding that the residual clause is unconstitutionally vague is irrelevant to Sonczalla's case, since his burglary convictions qualified as violent felonies under the enumerated clause, not the residual clause.  Therefore, Sonczalla cannot rely upon *Johnson* and *Welch* for relief from the one-year limitations period for filing a § 2255 motion, as set forth in 28 U.S.C. § 2255(f).  *See e.g., Stanley v. United States*, 2016 WL 3514185, at *2-3 (7th Cir. June 27, 2016) (the sole holding of *Johnson* is that the residual clause is invalid, and § 2255(f)(3) does not afford prisoners a new one-year period to seek

5

collateral relief on a theory that the elements clause does not apply to a particular conviction). Sonczalla's *Mathis* argument does not raise a claim based on a right newly recognized by the Supreme Court and made retroactively applicable on collateral review. Since it was filed more than one year after the date his judgment of conviction became final, it is time barred.

## CERTIFICATE OF APPEALABILITY

The Court may grant a certificate of appealability only where a defendant has made a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253(c)(2); *Copeland v. Washington*, 232 F.3d 969, 977 (8th Cir. 2000). Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). The Court concludes that Sonczalla has failed to make the required substantial showing of the denial of a constitutional right and denies a certificate of appealability.

## ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED that:

1. Sonczalla's motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 (ECF No. 47) is DENIED.

2. A certificate of appealability is DENIED.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: September 12, 2016

                                                       s/ Richard H. Kyle
                                                      Richard H. Kyle
                                                      United States District Judge